25CV4754

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**DERRICK PHIPPS,**

Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

Defendant.

Case No. _____

RECEIVED
JUN 0 4 2025
PRO SE OFFICE

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**(Fair Credit Reporting Act – 15 U.S.C. § 1681 et seq.)**

**Plaintiff Derrick Phipps**, by and through undersigned counsel, alleges as follows against **Defendant Experian Information Solutions, Inc.** for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and in support thereof states:

## I. INTRODUCTION

1. This is a civil action brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., seeking monetary damages and equitable relief against Defendant Experian Information Solutions, Inc. ("Experian"), a national consumer reporting agency that has willfully and/or negligently violated multiple provisions of the FCRA. Specifically, Defendant has failed to maintain accurate and reliable consumer reporting practices and has engaged in the unlawful dissemination of materially false, outdated, and misleading information concerning Plaintiff's credit profile.

2. Among the most egregious violations alleged herein, Experian unlawfully re-aged a charged-off tradeline beyond the seven-year reporting period mandated under 15 U.S.C. § 1681c(a), failed to remove obsolete derogatory information, failed to correct personal

identifiers despite formal disputes, and continued to furnish inaccurate data to third parties even after receiving repeated and substantiated notifications from the Plaintiff. These failures represent clear violations of the FCRA's accuracy, reinvestigation, and obsolescence provisions.

3. As a direct and proximate result of Defendant's misconduct, Plaintiff Derrick Phipps has suffered concrete and particularized harm, including but not limited to: multiple credit denials from national lenders, damage to his personal and professional reputation, heightened emotional distress, and significant barriers to obtaining essential life opportunities, including housing and credit-based employment.

4. Defendant's actions and omissions are not isolated or inadvertent. Rather, they form part of a broader, systemic failure by Experian to implement and follow reasonable procedures to ensure the maximum possible accuracy of consumer credit information, as required by 15 U.S.C. § 1681e(b). Defendant's reckless disregard for statutory obligations, and its continued reporting of demonstrably false and outdated information, constitutes willful noncompliance with the FCRA, entitling Plaintiff to statutory and punitive damages under 15 U.S.C. § 1681n(a).

5. Plaintiff brings this action to vindicate his rights under federal law, to compel Experian's compliance with its statutory duties, and to hold Experian accountable for the tangible harms caused by its unlawful practices.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims asserted herein arise under the laws of the United States, specifically the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. The FCRA establishes a private right of action to redress violations committed by consumer reporting agencies, and Plaintiff asserts multiple federal claims under this statute.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this

District. Additionally, venue is proper under 15 U.S.C. § 1681p, which permits an action to be brought in the district in which the consumer reporting agency maintains substantial contacts, conducts business, or where the consumer resides. Defendant Experian transacts business in the State of New York and within this District, regularly furnishes consumer credit information to lenders and institutions located herein, and the Plaintiff resides in this District.

8. Defendant is subject to the personal jurisdiction of this Court because it regularly conducts business in this District, derives substantial revenue from operations within New York, and has committed tortious acts and statutory violations within the state that caused foreseeable harm to the Plaintiff.

### III. PARTIES

9. Plaintiff Derrick Phipps is a natural person and a "consumer" as defined under 15 U.S.C. § 1681a(c), who resides in Middletown, New York. At all relevant times, Plaintiff has been a victim of inaccurate, obsolete, and misleading information being maintained and disseminated by Defendant in his consumer report. Plaintiff has suffered adverse consequences including but not limited to credit denials, reputational harm, and emotional distress due to Defendant's conduct.

10. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation organized under the laws of the State of Ohio, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California. Experian is authorized to conduct business in the State of New York and regularly conducts business in this District. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), and in the ordinary course of its business, regularly engages in the practice of assembling and evaluating consumer credit information for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties including lenders, creditors, insurers, landlords, and employers.

11. Defendant is one of the three largest consumer reporting agencies in the United States and is subject to the full scope of obligations and liabilities imposed by the FCRA. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, and representatives who were acting within the course and scope of their official duties and with actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff previously initiated a federal lawsuit against Experian, docketed as Case No. 7:20-cv-03368 in the Southern District of New York, asserting materially similar violations of the Fair Credit Reporting Act. That action was closed without adjudication on the merits, and Plaintiff continued to experience substantial and ongoing harm as a direct result of Experian's conduct.

13. Despite the closure of that action, Experian continued to include materially inaccurate, incomplete, and outdated information in Plaintiff's consumer credit file. These inaccuracies were neither isolated nor the result of clerical error, but reflective of Defendant's systemic failure to follow the reasonable procedures mandated by the FCRA.

14. In or around April 2025, Plaintiff obtained updated credit disclosures and received additional loan denial notifications which confirmed that Experian had persisted in disseminating inaccurate and outdated credit data. Specifically, Defendant: a. Continued to report a tradeline reflecting a charged-off account from 2019 with derogatory status updates extending through 2025; b. Disseminated reports containing inconsistent and inaccurate identifiers, including variations of Plaintiff's name, erroneous dates of birth, and obsolete addresses no longer associated with Plaintiff; c. Furnished credit data that was legally obsolete pursuant to the FCRA's temporal restrictions under 15 U.S.C. § 1681c(a); d. Ignored multiple formal disputes submitted by Plaintiff between 2020 and 2025, each of which included notarized affidavits, government-issued identification, and certified supporting documentation clearly identifying the errors.

15. Defendant's continued publication of such data constitutes unlawful "re-aging" of a delinquent tradeline in violation of 15 U.S.C. § 1681c(a)(4), which strictly limits the

inclusion of adverse information to seven years from the date of the original delinquency that led to the charge-off.

16. The unlawful re-aging and dissemination of these derogatory entries directly resulted in the denial of Plaintiff's applications for credit, including but not limited to rejections by Rocket Mortgage, FreedomPlus, and other lenders evaluating Plaintiff's creditworthiness during 2025.

17. Defendant's conduct was willful within the meaning of 15 U.S.C. § 1681n, in that it acted with knowledge of the falsity or reckless disregard of its statutory duties. Alternatively, Defendant's conduct was negligent under 15 U.S.C. § 1681o.

18. As a direct and proximate result of Experian's willful and/or negligent violations of the FCRA, Plaintiff sustained the following actual damages:

- Repeated denial of access to consumer credit, including mortgages and personal loans;
- Severe emotional distress, anxiety, frustration, and humiliation;
- Loss of personal and professional reputation and standing;
- Missed financial opportunities, including the inability to secure competitive credit offers, housing, and employment tied to credit evaluations.

## V. CLAIMS FOR RELIEF

### Count I: Violation of 15 U.S.C. § 1681e(b)

**Failure to Maintain Reasonable Procedures for Accuracy**

19. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

20. The Fair Credit Reporting Act imposes a statutory duty on consumer reporting agencies to follow reasonable procedures to ensure the maximum possible accuracy of the information contained in consumer reports. See 15 U.S.C. § 1681e(b).

21. Defendant Experian, in the preparation and dissemination of Plaintiff's consumer report, failed to follow such procedures and instead reported and re-reported inaccurate, outdated, and misleading information, including: re-aged derogatory tradelines, inconsistent and incorrect personal identifiers, and obsolete negative credit entries beyond the applicable reporting period.

22. Defendant knew or should have known that the information being reported was inaccurate or unverifiable, and had numerous opportunities to correct it following multiple disputes and verifiable evidence submitted by Plaintiff.

23. Defendant's failure to implement, maintain, and apply reasonable accuracy assurance procedures resulted in the furnishing of false consumer information to third parties, including lenders who relied on said reports in making adverse credit determinations.

24. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer actual damages including credit denials, reputational damage, financial loss, and emotional distress.

25. Defendant's violations were willful, entitling Plaintiff to statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a). In the alternative, Defendant acted negligently, entitling Plaintiff to actual damages under 15 U.S.C. § 1681o(a).

**Count II: Violation of 15 U.S.C. § 1681i(a)**

**Failure to Reinvestigate Upon Dispute**

26. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27. Pursuant to 15 U.S.C. § 1681i(a), if a consumer disputes the completeness or accuracy of any item of information in their file at a consumer reporting agency, the agency is required to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and to record the current status of the information or delete the item from the file.

28. Defendant Experian received numerous dispute letters from Plaintiff between 2020 and 2025, each containing detailed evidence, legal notices, affidavits, and supporting documentation demonstrating inaccuracies in his consumer credit report.

29. Despite receiving these formal disputes, Defendant failed to conduct lawful, thorough, or timely reinvestigations as required by 15 U.S.C. § 1681i(a). Any reinvestigation that may have been conducted was cursory, superficial, and did not result in the correction or removal of the disputed information.

30. Defendant's failure to adequately reinvestigate Plaintiff's disputes led to the continued reporting of false, obsolete, and misleading information and further compounded Plaintiff's injuries by allowing such inaccuracies to persist across multiple subsequent credit disclosures and third-party disseminations.

31. As a result of Defendant's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered significant actual damages, including lost credit opportunities, reputational harm, and emotional distress.

32. Defendant's failure to comply with its reinvestigation duties was willful, entitling Plaintiff to statutory and punitive damages under 15 U.S.C. § 1681n. Alternatively, the conduct was negligent and entitles Plaintiff to actual damages pursuant to 15 U.S.C. § 1681o.

**Count III: Violation of 15 U.S.C. § 1681c(a)**

**Re-Aging of Debt / Reporting Obsolete Information**

33. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 32 as if fully stated herein.

34. The Fair Credit Reporting Act prohibits consumer reporting agencies from including adverse information that is more than seven (7) years old in a consumer report, as specified in 15 U.S.C. § 1681c(a)(4) and related subsections. This statutory time limit is calculated from the date of the original delinquency that led to the adverse account status.

35. Defendant Experian unlawfully reported a charged-off account from 2019 and continued to update the derogatory status of that account well into 2025, thereby extending or "re-aging" the life of the negative tradeline in violation of federal law.

36. This conduct constitutes a material violation of the FCRA, as it resulted in the prolonged appearance of derogatory and outdated information in Plaintiff's credit file, which in turn misled third-party creditors and caused Plaintiff significant harm.

37. Defendant knew or should have known the correct date of delinquency based on account-level data readily available to it, and had a statutory obligation to ensure the tradeline was removed or ceased to be reported no later than seven years from the original charge-off event.

38. As a result of this unlawful re-aging, Plaintiff suffered concrete injuries including multiple denials of credit applications, impaired creditworthiness, reputational damage, and significant mental and emotional distress.

39. Defendant's actions were willful, reckless, or alternatively negligent, in disregard of Plaintiff's rights under 15 U.S.C. § 1681c(a). Accordingly, Plaintiff seeks statutory damages, actual damages, punitive damages, and attorneys' fees as provided under 15 U.S.C. §§ 1681n and 1681o.

## VI. PRAYER FOR RELIEF

WHEREFORE, based on the foregoing allegations and claims, Plaintiff Derrick Phipps respectfully requests that this Court enter judgment in his favor and against Defendant Experian Information Solutions, Inc., and grant the following relief:

A. An award of **actual damages** sustained by Plaintiff as a result of Defendant's violations of the Fair Credit Reporting Act, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1), including but not limited to lost credit opportunities, financial harm, reputational injury, and emotional distress;

B. An award of **statutory damages** in an amount not less than $100 and not more than $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A), for each willful failure of Defendant to comply with its duties under the FCRA;

C. An award of **punitive damages** pursuant to 15 U.S.C. § 1681n(a)(2), in an amount sufficient to punish Defendant for its willful misconduct and to deter such future violations;

D. An award of **costs of litigation** and **reasonable attorneys' fees** incurred in bringing this action, pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(a)(2);

E. Entry of **injunctive and declaratory relief**, including but not limited to:

1. A permanent injunction directing Defendant to immediately remove the re-aged and obsolete tradeline(s) from Plaintiff's credit report;

2. An order requiring Defendant to implement and maintain adequate procedures to ensure the accuracy and completeness of future consumer reports concerning Plaintiff;

3. A declaration that Defendant's acts and practices, as set forth above, violate the FCRA;

F. Such other and further relief as this Court deems just, equitable, and proper in the interests of justice.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

---

**Dated:**

**Respectfully submitted,**

**Derrick Phipps**
21A Brewster Drive
Middletown, NY 10940
[Pro Se or via Counsel]





Pro Se

Clerk of Court
United States District Court
Southern District of New York
500 Pearl St