UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK PHIPPS,

                    Plaintiff,

          -against-

EXPERIAN INFORMATION SOLUTIONS,
INC.,

                    Defendant.

25-CV-4754 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681 *et seq.* He contends that he was denied mortgages and personal

loans because Defendant Experian Information Solutions, Inc. ("Experian") disclosed inaccurate

personal information for him, including name variations, erroneous birth dates, and obsolete

addresses, and failed to remove, within the statutory deadline, one or more accounts that

creditors had charged off.[1] By separate order, the Court granted Plaintiff's request to proceed *in*

*forma pauperis* based on his indigency.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

---

[1] In Plaintiff's first suit against the same defendant, he alleged that his year of birth was incorrectly listed as 1966, instead of 1965, in his internal credit file and consumer disclosures given to him. *See Phipps v. Experian Info. Sol., LLC*, No. 7:20-CV-3368-NSR-VR (S.D.N.Y. Sept. 23, 2023) (dismissed for lack of standing), *aff'd*, No. 23-7529-cv, 2024 WL 5001842, at *2 (2d Cir. Dec. 6, 2024) (2d Cir. Dec. 6, 2024) ("To the extent the plaintiff has adequately set out arguments on appeal, the arguments lack merit . . . . Incorrect address information, a one-year disparity in birth year, and slight variations of the appellant's name are the types of inaccuracies that do not, without more, 'work any concrete harm' by virtue of their dissemination alone.").

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following allegations are drawn from the complaint.[2] Plaintiff alleges that between 2020 and 2025, he sent "multiple formal disputes" to Experian identifying alleged errors in his consumer credit report. (ECF 1 at 4, ¶ 14.) In April 2025, Plaintiff obtained his credit disclosures which confirmed that Experian had persisted in disseminating inaccurate and outdated credit data, including "variations of Plaintiff's name, erroneous dates of birth, and obsolete addresses no longer associated with Plaintiff." (*Id.*) Experian also "continued to report a tradeline reflecting a charged-off account from 2019 with derogatory status updates extending through 2025." (*Id.*) It is unclear when the account charged off in 2019 first became delinquent, but Plaintiff contends that Experian "knew or should have known the correct date of delinquency from account level data readily available to it." (*Id.* at ¶ 37.)  Plaintiff also refers generally to multiple "obsolete negative credit entries" and "re-aged derogatory tradelines" (*id.* at 6, ¶ 21), and he therefore also appears to challenge account information in addition to the charged-off account from 2019.

In April 2025, Plaintiff received "additional loan denial notifications." (*Id.* at 4, ¶ 14.) His applications for credit from Rocket Mortgage, Freedom Plus and other lenders were rejected, and he contends that the denials of mortgages and personal loans "directly resulted" from the "dissemination of these derogatory entries." (*Id.* at 5, ¶ 16.)

Plaintiff brings claims against Experian for allegedly: (1) failing to "follow reasonable procedures to assure maximum possible accuracy of the information" in credit reports, 15 U.S.C. § 1681e(b), and reporting information that should have been "obsolete" under the seven-year deadline in 15 U.S.C. § 1681c(a); and (2) failing to reinvestigate upon dispute, as required by 15

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

U.S.C. § 1681i(a). Plaintiff seeks damages, contending that Experian's misconduct was willful, in violation of 15 U.S.C. § 1681n, or negligent, in violation of 15 U.S.C. § 1681o.

## DISCUSSION

"[T]he FCRA 'is not a strict liability statute.'" *Suluki v. Credit One Bank, NA*, 138 F.4th 709, 721 (2d Cir. 2025) (quoting *Obabueki v. Choicepoint, Inc.*, 236 F. Supp. 2d 278, 285 (S.D.N.Y. 2002), *aff'd*, 319 F.3d 87 (2d Cir. 2003) (per curiam)); *Abdallah v. LexisNexis Risk Sols. FL Inc.*, No. 19-CV-3609 (MKB), 2021 WL 6197060, at *6 (E.D.N.Y. Dec. 30, 2021) ("[M]erely reporting inaccurate information is insufficient to give rise to liability under the FCRA, as the Act is not a strict liability statute").

The FCRA imposes civil liability on "[a]ny person" who either negligently or willfully "fail[s] to comply with any requirement imposed under" the FCRA. 15 U.S.C. § 1681o(a) (negligently); 15 U.S.C. § 1681n(a) (willfully).[3] "The FCRA 'places distinct obligations on three types of entities: consumer reporting agencies [CRAs], users of consumer reports, and furnishers of information to consumer reporting agencies.'" *O'Diah v. New York City*, 2002 WL 1941179, at *12 (S.D.N.Y. Aug. 21, 2002)). Plaintiff brings claims against a CRA, Defendant Experian, for alleged negligent or willful violations of Section 1681e(b) and Section 1681i.

## A.      Failure to Follow Reasonable Procedures

The FCRA provides that whenever a CRA "prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the

---

[3] Consumers alleging negligent violations of the statute may seek their actual damages that arose from the violation. 15 U.S.C. § 1681o(a). This requires showing a causal relationship between the defendant's alleged violation and the claimed harm. *See Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995); *Burns v. Bank of Am.*, 655 F. Supp. 2d 240, 250 (S.D.N.Y. 2008), *aff'd*, 360 Fed. App'x 255 (2d Cir. 2010).

individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a negligence claim

against a CRA under Section 1681e(b) for inaccurate reporting, a plaintiff must allege:

> (1) the CRA reported inaccurate information about the plaintiff; (2) the CRA was
> negligent in that it failed to follow reasonable procedures to assure the accuracy
> of its credit report; (3) the plaintiff was injured; and (4) the CRA's negligence
> caused the plaintiff's injury.

*Ahmad v. Experian Info. Sols., Inc.*, No. 23-CV-2222 (LJL), 2023 WL 8650192, at *5 (S.D.N.Y.

Dec. 14, 2023) (citing *Wenning v. On-Site Manager, Inc.*, 2016 WL 3538379, at *8 (S.D.N.Y.

June 22, 2016)). To state a willfulness claim against a CRA under § 1681e, a plaintiff must

allege: "(1) inaccuracy and (2) a failure to follow reasonable procedures that is (3) knowing or

reckless." *Id.*

The Second Circuit recently addressed the standards for defining inaccurate information

for purposes of the FCRA. Although "there is no threshold inquiry under the FCRA as to

whether any purportedly inaccurate information is legal or factual in nature," nevertheless,

"allegedly inaccurate information reported on a consumer's credit report must be objectively and

readily verifiable to be actionable under section 1681e(b)." *Sessa v. Trans Union, LLC*, 74 F.4th

38, 43 (2d Cir. 2023); *Mader v. Experian Information Solutions, Inc.*, 56 F.4th 264 (2d Cir.

2023) (CRAs may be "required by the FCRA to accurately report information derived from the

readily verifiable and straightforward application of law to facts"). A credit report can be

inaccurate when it is "patently incorrect or when it is misleading in such a way and to such an

extent that it can be expected to have an adverse effect on credit decisions." *Abdallah*, 2021 WL

6197060, at *7.

"To adequately state a claim, the burden is on the plaintiff to 'identify the specific

information on his credit report that is inaccurate and explain why the identified information is

inaccurate.'" *Lopez v. Transunion, LLC*, No. 24-CV-7948 (ER), 2025 WL 2201069, at *3-4

(S.D.N.Y. Aug. 1, 2025) (quoting *Phipps v. Experian*, No. 20 Civ. 3368 (LLS), 2020 WL 3268488, at *3 (S.D.N.Y. June 15, 2020)); *see Manzano v. Trans Union (of Delaware) LLC*, No. 23-CV-5990 (JGLC) (JLC), 2024 WL 3194091, at *3 (S.D.N.Y. June 27, 2024) (dismissing FCRA claim where plaintiff failed "to specify what and how the information was inaccurate," and his allegations were "entirely conclusory"); *Viverette v. Experian*, No. 21-CV-6989 (LTS), 2022 WL 357274, at *3 (S.D.N.Y. Feb. 7, 2022) (finding that plaintiff failed to state a claim under either § 1681e or § 1681i by failing to specify "names, addresses, accounts, or other information that is inaccurate," and "not stat[ing] facts explaining why such information is inaccurate.").

Here, Plaintiff alleges in general terms that Experian violated Section 1681e(b) by preparing a report in 2025 "re-aging" an unspecified charged off account even though Experian "should have known" the correct date of delinquency, which he also does not specify.[4] Plaintiff references an account that the creditor charged off as a loss in 2019, but he also references multiple "obsolete negative credit entries" and "re-aged derogatory tradelines." (ECF 1 at 6, ¶ 21). Plaintiff's allegations are therefore insufficient to put Defendant on notice of the particular credit information that he alleges was "inaccurate" and why its reporting was inaccurate.

Moreover, Plaintiff fails to allege how the procedures used by Defendant were unreasonable. A CRA "is not held strictly liable under the FCRA merely for reporting [an inaccuracy]; rather, the consumer must show that the agency failed to follow reasonable procedures in generating the inaccurate report." *Ahmad, Inc.*, 2023 WL 8650192, at *5

---

[4] The seven year reporting period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c. It is unclear from the facts alleged when the delinquency that preceded the charging off of Plaintiff's account began.

("Because Plaintiff nowhere alleges how Defendant failed to follow reasonable procedures when it generated the consumer report at issue, dismissal is proper"); *Abdallah*, 2021 WL 6197060, at *7) (collecting cases addressing plaintiff's pleading burden on a section 1681e(b) claim); *Frederick v. Capital One Bank (USA), N.A.*, 2015 WL 5521769, at *7 (S.D.N.Y. Sept. 17, 2015) (dismissing claim where "Plaintiff merely recites the elements of the statute, alleging in a conclusory fashion that the Defendants failed to 'follow reasonable procedures'" without alleging supporting facts). Thus, even if Plaintiff had pleaded facts showing that his consumer report was materially inaccurate, Plaintiff's conclusory allegation that Defendant failed to implement "reasonable accuracy assurance procedures" is insufficient to state a claim against Defendant Experian for a violation of Section 1681(e)(b).

Because Plaintiff fails to include facts sufficient to plausibly allege that Experian reported inaccurate information, or facts about the reasonableness of its procedures, Plaintiff fails to state a claim on which relief may be granted for a violation of Section 1681(e)(b), and the Court dismisses this claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.      Failure to Conduct Reasonable Reinvestigation

The FCRA, in Section 1681i(a), imposes reinvestigation obligations on CRAs. With limited exceptions, "if the completeness or accuracy of any item of information contained in a consumer's file at a [CRA] is disputed by the consumer and the consumer notifies the [CRA]" of the incompleteness or inaccuracy, the FCRA requires a CRA to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate" free of charge and to record the current status of the disputed information or to delete it if it is inaccurate, incomplete, or cannot be verified. 15 U.S.C. § 1681i(a)(1)(A); *Jones v. Experian Information Solutions, Inc.*, 982 F. Supp. 2d 268, 272 (S.D.N.Y. 2013) (a CRA "must conduct a 'reasonable

reinvestigation' if a consumer disputes an item on her credit report" quoting 15 U.S.C. § 1681i(a)(1)(A)).[5]

The CRA is required to review and consider all relevant information submitted by the consumer in connection with the dispute, 15 U.S.C. § 1681i(a)(4), and to provide the consumer written notice of the results of the reinvestigation no later than five business days after the completion of the reinvestigation, 15 U.S.C. § 1681i(a)(6). In addition, the CRA must provide to the consumer, upon request, a description of the procedure it used to determine the accuracy and completeness of the information in the consumer report. 15 U.S.C. § 1681i(a)(6)(B), (a)(7).

As with a claim under Section 1681(e)(b), to state a claim for a violation of Section 1681i, a plaintiff must allege as a threshold matter that the plaintiff's consumer report is inaccurate. *See Magee v. Am. Express*, ECF 1:19-CV-8476 (CM), 6, 2019 WL 6030099, at *4 (S.D.N.Y. Nov. 12, 2019) (holding that plaintiff's allegations that "delinquent payments" on his credit report should be removed because of a "mail fraud investigation" were "insufficient to suggest specific information on his reports was inaccurate"); *Gestetner*, 2019 WL 1172283, at *2 ("[A] plaintiff asserting claims under § 1681i must demonstrate that the disputed information is inaccurate." (quoting *Jones,* 982 F. Supp. 2d at 272-73)). Generalized dispute correspondence alone is not enough to trigger a reinvestigation. Rather, the consumer must "provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A); *see*, *e.g.*, *Ogbon v. Ben Credit Servs., Inc.*, No. 10-CV-3760 (PAE), 2013 WL 1430467 (S.D.N.Y. Apr. 8, 2013).

---

[5] If a consumer disputes information contained in his credit report to a CRA, the CRA is required to notify the entity that furnished the disputed information of the consumer's dispute. *See* Jenkins v. AmeriCredit Fin. Servs., Inc.*, No. 14-cv-5687, 2017 WL 1325369, at *4 (E.D.N.Y. Feb. 14, 2017).

8

A plaintiff must also allege facts about what the CRA did or failed to do in the course of reinvestigation that violated his rights under Section 1681i. *See Ahmad*, 2023 WL 8650192, at *6 ("Absent *any* allegations as to what Defendant did or did not do in the course of reinvestigating, Plaintiff fails to state a [claim for a] negligent, much less willful, violation of § 1681i."); *Lopez,* 2025 WL 2201069, at *5  (granting plaintiff leave to amend to "detail what ChexSystems reported, how the report was allegedly inaccurate, and how ChexSystems . . . failed to conduct a reasonable investigation").

Plaintiff alleges that, between 2020 and 2025, he sent "numerous dispute letters" with evidence of unspecified alleged "inaccuracies in his consumer credit report." (ECF 1 at 7, ¶ 28.) Plaintiff challenges Experian's alleged "failure to comply with its reinvestigation duties" (*Id.* at ¶ 32.) It is unclear if Plaintiff contends that Experian failed to reinvestigate or if he alleges that it did reinvestigate but its reinvestigation was in some way inadequate.

Thus, the allegations of the complaint are insufficient to plausibly allege that Plaintiff's correspondence triggered Experian's duty to reinvestigate and insufficient to plead how Experian's reinvestigation was inadequate, other than the fact that it "did not result in the correction or removal of the disputed information." (*Id.* at ¶ 29.) Plaintiff's claim against Experian for alleged violations of its reinvestigation obligations, under Section 1681i, must therefore be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(b)(ii).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is unclear whether

9

Plaintiff may be able to allege additional facts to state a valid claim under the FCRA, the Court grants Plaintiff 30 days' leave to amend his complaint to replead his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    June 9, 2026
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

10